IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-432-BO

ERIC M. MCMILLIAN,
        Plaintiff,

v.                                    ORDER

CAPITAL AREA TRANSIT, et al.,
        Defendants.

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Robert B. Jones, Jr. [DE 5] and what the Court construes as plaintiff's motion to amend his complaint [DE 4]. Plaintiff responded with to the M&R objections. In this posture, the matter is ripe for disposition. For the reasons that follow, the memorandum and recommendation [DE 5] is ADOPTED IN PART. The Court finds that all of plaintiff's claims fail frivolity review. Plaintiff's motion to amend [DE 4] is DENIED AS MOOT. Plaintiff's motion to proceed in forma pauperis [DE 1] is DENIED AS MOOT.

## BACKGROUND

On October 22, 2021, *pro se* plaintiff Eric McMillian filed a motion to proceed in forma pauperis to bring claims against Capital Area Transit ("CAT") and several staff members. Plaintiff alleges that, on January 20, 2020, while he was at the Cameron Terrace CAT bus stop he was assaulted by someone who goes by the name of "DC." A bystander called the authorities and DC was subsequently arrested. Plaintiff states that the CAT road supervisor then ordered plaintiff not to reenter the CAT bus and to leave the CAT station.

The case was referred to the Magistrate Judge for frivolity review and to review plaintiff's request to proceed in forma pauperis. On December 3, 2021, plaintiff filed a motion requesting that the claims against defendant Matthew McClennin be dropped and that plaintiff be given permission to add Byron Bront, the CAT general manager, to the case as a defendant. Judge Jones filed the M&R on January 27, 2022, recommending that plaintiff could proceed in forma pauperis and that all claims except his due process claim be dismissed as frivolous. Plaintiff filed objections on February 11, 2022.

## DISCUSSION

A district court is required to review *de novo* those portions of a memorandum and recommendation ("M&R") to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

Plaintiff has filed an objection to the M&R, but has not raised substantive arguments of fact or law that legitimately challenge the M&R. Instead, plaintiff restates the factual basis already raised in plaintiff's proposed complaint. Plaintiff does not contend that the magistrate judge applied the wrong law, misapplied the law, or applied the wrong facts to the law. Accordingly, the Court adopts the M&R as to its frivolity review of all claims except for the Magistrate's analysis of the due process claim. The Court finds no clear error in the portions of the M&R it has adopted.

The Court now proceeds to examine the due process claim for frivolity. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition .... The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed Med Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md House o/Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

In order to state due process a claim, a plaintiff must show "(l) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the

3

procedures employed were constitutionally inadequate." *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009). "Procedural due process provides merely 'a guarantee of fair procedures-typically notice and an opportunity to be heard.'" *Wolf v. Fauquier Cnty. Ed. of Supervisors*, 555 F.3d 311, 323 (4th Cir. 2009) (quoting *Mora v. City of Gaithersburg*, 519 F.3d 216, 230 (4th Cir. 2008)).

Plaintiff alleges that after a physical altercation with another bus rider, CAT employees told him not to reenter the city bus. Plaintiff's allegations are vague, difficult to follow, and appear mostly fanciful. Plaintiff alleges that his removal from the bus was "Wiccan revenge," [DE 1-1], and that the police officers involved served as the black horned god of the fertility principle. Plaintiff states the officers "trespassed" plaintiff, without stating what that actually means. Plaintiff seems to alternate between protesting his removal from the bus, protesting being filmed on police body cameras, and commenting on his mother's treatment of him. Plaintiff alleges that he was on the "hit list" because of the Wiccan plot against black men. [DE 1-1]. While some of plaintiff's facts may be true, his legal allegations are so awash with irrational or uncredible statements that the totality of the circumstances weighs in favor of finding the due process claim frivolous. *See Hernandez*, 504 U.S. at 32; *Fed Med Ctr. Butner*, 376 F.3d at 256-57.

The adopted portions of the M&R dismiss all claims except the due process claim. This Court, having reviewed the due process claim *de novo* for frivolity, finds that the due process claim must be dismissed as frivolous. Accordingly, no claims remain in this case. Plaintiff's motion to amend his complaint and change the name of a defendant [DE 4] is denied as moot. Plaintiff's motion to proceed *in forma pauperis* [DE 1] is denied as moot.

## CONCLUSION

4

Accordingly, the M&R [DE 5] is ADOPTED IN PART as to the frivolity review of all claims except the due process claim. Having reviewed the due process claim *de novo*, the Court finds that the claim must be DISMISSED as frivolous. As no claims remain in the case, plaintiff's motion to amend [DE 4] and plaintiff's motion to proceed *in forma pauperis* [DE 1] are DENIED AS MOOT.

SO ORDERED, this 24 day of July, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE